UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARK GREENE,
    Plaintiff

v.

WILLIAM "BILLY" BROWN,
    Defendant

Civil Action No. 11-2242 (CKK)

**MEMORANDUM OPINION**
(March 29, 2016)

A year ago the Court entered a default judgment for Plaintiff Mark Greene in this matter, ordering that the Clerk enter judgment in the amount of $83,606.60 in Plaintiff's favor, including $82,500 in treble profits and $1,106.60 in costs. At that time, the Court denied without prejudice Plaintiff's request for attorneys' fees because Plaintiff had not provided the documentation necessary for the Court to issue such an award. *See Greene v. Brown*, 104 F. Supp. 3d 12, 14 (D.D.C. 2015). Plaintiff now seeks attorneys' fees and has provided the documentation that was previously lacking. Before the Court is Plaintiff's [40] Motion for Reconsideration of Denial of Award for Attorneys' Fees. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court GRANTS IN PART and DENIES IN PART Plaintiff's [40] Motion for Reconsideration of Denial of Award for Attorneys' Fees. The Court will reconsider its previous denial of attorneys' fees and will award attorneys' fees in the amount of $32,850.

**I. BACKGROUND**

The Court presented the background of this case at length in resolving Plaintiff's motion for default judgment last year. *See Greene*, 104 F. Supp. 3d at 14. There is no need to do so here

---

[1] The Court's consideration has focused on Plaintiff's Motion for Reconsideration of Denial of Award for Attorneys' Fees ("Pl.'s Mot."), ECF No. 40. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

1

again. The Court reserves additional presentation of the relevant background for the discussion of the issues below.

## II. LEGAL STANDARD

Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 60(b)(1), which provides that the Court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." The Rule "was intended to preserve 'the delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of all the facts.' " *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). As the D.C. Circuit has emphasized, Rule 60(b) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), but "should be only sparingly used," *Good Luck Nursing Home*, 636 F.2d at 577. The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to the relief. *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011). Common to all grounds for relief under Rule 60(b) are the requirements that the motion be timely, *see* Fed. R. Civ. P. 60(c)(1), and that the movant "demonstrate a meritorious claim or defense" to the motion upon which the district court previously dismissed the complaint, *see Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986).

## III. DISCUSSION

The Court first considers whether Plaintiff's motion warrants the reconsideration of the Court's final judgment. Upon concluding that reconsideration is warranted in the interest of justice, the Court evaluates the merits of Plaintiff's motion for attorneys' fees. The Court grants that request in part and denies it in part.

**A. Motion for Reconsideration**

With respect to Plaintiff's motion for reconsideration, there is no question that Plaintiff's motion for reconsideration was timely. Rule 60(c) requires that a motion under Rule 60(b)(1) be filed within one year of the entry of the order. Plaintiff filed the motion for reconsideration only six weeks after the Court issued its prior opinion and the order of default judgment in this case. In support of that motion, Plaintiff's attorneys prepared detailed documentation of his attorneys' fees, which had previously been lacking.[2]

Plaintiff argues that his counsel mistakenly failed to provide the factual basis for his request for attorneys' fees. Whether considered mistake or excusable neglect, the Court concludes that reconsideration is warranted in the interest of justice. The Court previously determined that Plaintiff was eligible for an award of an attorneys' fees. However, the Court denied the request because of inadequate documentation. Because Plaintiff has now provided adequate documentation to support the request, at least in part, the Court concludes that it is best now to consider the merits of the attorneys' fees request. The Court does so now.

**B. Attorneys' Fees**

The Lanham Act provides for the award of reasonable attorneys' fees to the prevailing party in a trademark infringement claim only "in exceptional cases," 15 U.S.C. § 1117(a), and for claims of trademark counterfeiting, *see id.* § 1117(b). Because the Court concluded last year that Plaintiff prevailed on his claim for trademark counterfeiting as a result of Defendant's default, Plaintiff is eligible for attorneys' fees under section 1117(b). *See Greene*, 104 F. Supp. 3d at 21.

---

[2] The Court also notes that, on June 18, 2015, Plaintiff filed a Motion for Leave to File Rule 60(b) Motion for Reconsideration Within Ten Days. Although leave of Court is not required to file a motion for reconsideration as Plaintiff did in this case, the Court notes that filing this motion suggests that Plaintiff was at least attempting to preserve his rights in this action by doing so.

Therefore, the Court need not determine whether this case represents exceptional circumstances that merit attorneys' fees under section 1117(a).

Last year, in reviewing Plaintiff's initial motion for an award of attorneys' fees, the Court concluded that Plaintiff was eligible for an award of attorneys' fees, but that Plaintiff had provided insufficient support for his request fees. *See Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) ("In the preparation of fee applications it is insufficient to provide the District Court with very broad summaries of work done and hours logged."). Plaintiff has now provided the documentation necessary to support an award of attorneys' fees, including declarations from attorneys Lita Rosario and Johnnie Bond and detailed supporting billing records.

In determining the reasonableness of an award of attorneys' fees, "the court must determine the 'number of hours reasonably expended in litigation.' " *Eley v. Dist. of Columbia.*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Save Our Cumberland Mountains, Inc. v. Hodel* (*SOCM*), 857 F.2d 1516, 1517 (D.C. Cir. 1988) (*en banc*)). In denying Plaintiff's motion for attorneys' fees one year ago, the Court noted that it had previously denied without prejudice Plaintiff's first Revised Motion for Default Judgment because the original Complaint failed to identify the relevant provisions of the Lanham Act on which Plaintiff relied for relief. Plaintiff subsequently filed an Amended Complaint to comply with the May 27, 2014, decision of this Court. In denying without prejudice Plaintiff's initial motion for attorneys' fees, the Court concluded that activities by Plaintiff's counsel solely to remedy Plaintiff's counsel's earlier failure to rely on the appropriate provisions of the Lanham Act in the original Complaint are not compensable. That is, it would not be reasonable for Defendant to pay to remedy a mistake by Plaintiff's counsel. Through Plaintiff's Rule 60(b)(1) motion, Plaintiff has provided no reason to

alter that conclusion. Accordingly, the Court hews to its prior conclusion that activities to remedy counsel's failures that occurred before the Court identified the flaw in the Complaint are not compensable.

Plaintiff seeks attorneys' fees based on 56.45 hours billed by Rosario and on 98.4 hours billed by Bond. The Court concludes that only those hours that occurred before the Court's identification of Plaintiff's fatal mistake in the original Complaint are compensable. Specifically, on May 6, 2014, the Court issued an order requiring Plaintiff to file a supplemental brief addressing why the error in Plaintiff's Complaint did not affect resolution of the then-pending motion for default judgment or to withdraw that motion. *See* Order dated May 6, 2014, ECF No. 22. Plaintiff filed such a supplemental brief. But the Court nonetheless concluded that the defect in the Complaint required the filing of an amended complaint and, if ultimately warranted, a subsequent motion for default judgment. *See* Order dated May 27, 2014, ECF No. 24. Plaintiff followed this course of action. Accordingly, for the reasons described above, the Court concludes that all hours expended after the issuance of the Court's May 6, 2014, Order are *not* compensable. The Court will only award fees based on hours billed before that date.

Turning to the specific hours billed, Rosario billed 36.6 hours before the May 6, 2014, Order, and 19.85 hours after the Order, for a total of 56.45 hours. While Plaintiff seeks fees based on the entire 56.45 hours, the Court will award fees based only on the initial **36.6 hours**. For his part, Bond billed 76.5 hours before the May 6, 2014, Order, and 21.9 hours after that Order, for a total of 98.4 hours. Once again, while Plaintiff seeks fees based on all 98.4 hours, the Court will award fees based only on the initial **76.5 hours**.

Having established the number of hours reasonably expended in this litigation, the Court "must set the 'reasonable hourly rate.' " *Eley*, 793 F.3d at 100 (quoting *SOCM*, 857 F.2d at

1517). Plaintiff seeks fees based on an hourly rate of $375/hour for Rosario and $250/hour for Bond. Based on the declarations submitted by the attorneys describing their respective legal experience, the Court concludes that these rates are reasonable.

Finally, the Court "must determine whether use of a multiplier is warranted." *Id.* The Court determines that, in this case, it is not necessary to apply a multiplier.

\*   \*   \*

The following chart summarizes the fees requested and awarded pursuant to the conclusions above:

|  | Hours Requested | Fees Requested | Hours Allowed | Fees Awarded |
|---|---|---|---|---|
| Rosario | 56.45 | $21,168.75[3] | 36.6 | $13,725.00 |
| Bond | 98.4 | $24,600.00 | 76.5 | $19,125.00 |
| **TOTAL** |  | $45,768.75 |  | $32,850.00 |

No further reductions are warranted, and the Court awards $32,850 in attorneys' fees.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's [40] Motion for Reconsideration of Denial of Award for Attorneys' Fees. The Court will award attorneys' fees to Plaintiff in the amount of $32,850.

An appropriate Order accompanies this Memorandum Opinion.

Dated: March 29, 2015

                                                              /s/
                                             COLLEEN KOLLAR-KOTELLY
                                             United States District Judge

---

[3] In Rosario's declaration, she lists the sum of the fees requested for her work as $25,668.75, but that is transparently a mathematical error. The figure is inconsistent with the underlying billing documentation and with the remainder of Plaintiff's submissions.